UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOBBY HENDRICKS,<br><br>Petitioner,<br><br>vs.<br><br>HAROLD GRAHAM, Superintendent,<br><br>Respondent. | No. 9:06-cv-01152-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 30] |

At Docket No. 30 Petitioner Bobby Hendricks, a state prisoner appearing *pro se*, has filed a motion to vacate the judgment under Rule 60(b), Federal Rules of Civil Procedure.  In support of the instant motion, Hendricks submitted an unsigned and undated 13-page document entitled "Dossier" and a 65-page signed document entitled "Petition" dated February 3, 2009.

## I.  PRIOR PROCEEDINGS

April 14, 2008 – this Court entered its Memorandum Decision and Order and Judgment denying Hendricks' petition for a writ of habeas corpus under 28 U.S.C. § 2254.  [Docket Nos. 22 and 23, respectively].

May 5, 2008 – Hendricks appealed the judgment to the Court of Appeals for the Second Circuit.  [Docket No. 24.]

October 23, 2008 – the Court of Appeals for the Second Circuit entered an order denying Hendricks' motion for a certificate of appealability and dismissing the appeal for failure to "make a substantial showing of a constitutional right."  [Docket No. 27]

April 13, 2009 – Hendricks timely filed the instant motion for relief under Rule 60(b).

## II.  APPLICABLE RULE

Rule 60(b) provides:[1]

---

[1] Rule 60(b) is applicable to federal habeas proceedings under § 2254.  *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

## II.  ISSUES PRESENTED

In his motion, without reference or citation to which provision of Rule 60(b) he invokes,[2] Hendricks raises three bases upon which he contends he is entitled to relief: (1) the judgment is void because this Court lacked derivative jurisdiction over his claims; (2) this Court was unable to render a determination, based upon the facts, due to the misrepresentation of the facts by and failure of the Respondent to submit a copy of the expanded record; and (3) the facts surrounding Hendricks' conviction clearly show his innocence.

## III.  DISCUSSION

To the extent Hendricks claims this Court lacked jurisdiction, it clearly falls within the scope of Rule 60(b)(4).[3]  As to Hendricks' second and third points, the precise provision of Rule 60(b) upon which Hendricks relies is not readily apparent.  His second point, that the Respondent did not file the expanded record might possibly fall under Rule 60(b)(2) or (3).  His third point does not appear to fall within the scope of any provision of Rule 60(b), with the possible exception of the catch-all of Rule 60(b)(6).

---

[2] Indeed, except in his caption, nowhere in his 89-page motion, supporting memorandum of points and authorities, and affidavit does Hendricks cite, let alone discuss, Rule 60(b).

[3] *Grace v. Bank of Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006).

ORDER [Re: Motion at Docket No. 30]
*Hendricks v. Graham*, 9:06-cv-01152-JKS                2

Jurisdiction.

Hendricks argues that because the County Court lacked authority to sustain Petitioner's conviction after the N.Y. Penal Law § 440 hearing, this Court lacks derivative jurisdiction over his claims.  Hendricks' argument fails in two respects.  First, the Court notes that its jurisdiction in this case is not, as Hendricks terms it, "derivative," but is conferred by the Constitution and Congress of the United States.[4]  Second, if, in fact, this Court lacked jurisdiction, it could not grant Hendricks the very relief he requests.  It is beyond cavil that a federal court that lacks jurisdiction lacks the power to adjudicate the matter before it.[5]  Assuming, *arguendo*, that Hendricks is correct in his premise this Court lacked jurisdiction, this Court would have no choice but to dismiss the petition.[6]  This would, of course, leave Hendricks in the same position he currently occupies—denial of the relief sought.

Hendricks' argument that this Court lacks jurisdiction is both meritless and self-defeating. Hendricks has not established entitlement to relief under Rule 60(b)(4).

Misrepresentation of Facts/Failure to File Expanded Record.

Hendricks argues:

Respondent misrepresented the facts by providing the Court with a copy of Petitioner's co-defendant record of appeal, which did not include the documentary evidence Petitioner relied upon to substantiate his claims.  In his answer, Respondent denied knowledge and information sufficient to form a belief as to the truth of any factual allegations in the Petition that were beyond the scope of the record of appeal provided by him.

7.  The Petitioner realized the Court had not considered the documentary evidence he offered in support of his claim after reviewing the Court's decision and Judgment and referenced documents.

---

[4] U.S. Const. Art. III; 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 n.7, 378–79 (2000); *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140, 149 n.7 (1979).

[5] *Gonzalez*, 545 U.S. at 534 ("absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties"); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) ("'without jurisdiction the court cannot proceed at all in any cause'" quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869).

[6] *Morrison v. Nat'l Australia Bank Ltd.*. 547 F.3d 167, 170–71 (2d Cir. 2008).

First, the Court notes that the record in this case does not show that Hendricks at any time requested an expansion of the record. Nor, does it appear that until the instant motion was filed did Hendricks raise the issue that the Record on Appeal filed with this Court was that of Robert L. Hendricks, not his record on appeal. In short, Hendricks did not alert either the Court or Respondent that the wrong record on appeal had been filed with the Court. Second, Hendricks is incorrect in his claim that this Court did not consider the documentary evidence he submitted.

Hendricks attached to his petition the following documents: (1) three-page Department of Public Safety Memo authored by Sgt. Brady and Investigator Lonczak dated February 22, 1999; (2) three-page Department of Public Safety Memo dated January 8, 1999 by an unknown author; (3) one-page Supporting Deposition of Richard A. Hoffman dated January 8, 1999; (4) one-page Supporting Deposition of Paul Roberts dated January 8, 1999; (5) three-page Autopsy Report dated January 29, 1999; (6) one-page Lead Sheet dated January 10, 1999, authored by Investigator Tarteglia; (7) three-page Supporting Deposition of Melissa A. Girolamo dated February 11, 1999; (8) one-page Department of Public Safety Follow-Up dated February 11, 1999, authored by P.O.C. Conte; (9) two-page Supporting Deposition of Melissa A. Giroloma dated February 14, 1999; (10) one-page Supporting Deposition of  Sharon Hayes dated February 15, 1999; (11) four-page Laboratory Report with accompanying receipts; (12) four pages of a Response to Discovery Demand; (13) four pages of a Notice of Motion for Omnibus Pretrial Relief; (14) four pages of Answering Affidavit to Omnibus Motion; (15) one-page Supporting Deposition of Thomas Hendricks dated February 15, 1999; and (16) one-page Supporting Affidavit of Thomas Hendricks dated February 15, 1999.[7]

---

[7] Some of the documents were also included in the State Court Records lodged by the Respondent. For Example:  Item (4) Supporting Deposition of Paul Roberts (Dkt. 10-5, p. 247); item (6) Lead Sheet dated January 10, 1999 (Dkt. 10-5, p. 188); item (7) Supporting Deposition of Melissa A. Girolamo (Dkt. 10-5, pp. 183–85.); item (9) Supporting Deposition of Melissa A. Giroloma (Dkt. 10-5, pp. 186–87.); item (11) Laboratory Report (Dkt. 10-5, pp.201–203.); item (12) four pages of a Response to Discovery Demand (Dkt 10-7, pp. 19–27 (entire document)); item (13) Notice of Motion for Omnibus Pretrial Relief (Dkt 10-7, pp. 34–50 (entire document); and (14) Answering Affidavit to Omnibus Motion (Dkt. 10-7, pp. 51–63 (entire document)).

These documents were, for the most part, referred to by Hendricks to establish the inconsistencies in the testimony of the witnesses. Notably, Hendricks does not identify any other documents or other evidence that was not in the record in this case, either as submitted by the Respondent or submitted by Hendricks. Where Hendricks referred to a document in either his petition or traverse, to the extent necessary to verify his assertions as to the contents of those documents, that document was reviewed by the Court. If a document is not referred to by the parties there is no need for a court to refer to it; a court is not required to mine the entire record in search of evidence to support a petitioner's claims. The Court considered and addressed fully the grounds and issues raised by Hendricks in his petition. Simply because the Court did not refer to the petition, traverse or a particular exhibit in the record in its decision does not mean that the Court did not consider them.

Hendricks has not established he is entitled to relief under either Rule 60(b)(2) or (3).

Innocence Claim.

In his motion Hendricks argues that:

> It is the Petitioner's belief that if the Court were to make an impartial determination after reviewing the facts surrounding Petitioner's conviction and the procedural history of the case, the Court would conclude that Petitioner's innocence is supported by clear and convincing evidence; and that Petitioner is entitled to a means of corrective judicial process.

Hendricks misperceives the role of the court in a federal habeas proceeding. Federal habeas proceedings are limited to deciding issues of violations of the Constitution, laws, or treaties of the United States,[8] not issues of state law.[9] Findings of fact by a state court are presumed correct unless rebutted by clear and convincing evidence.[10] A federal court does not re-weigh the evidence or judge the credibility of the witnesses; it simply determines whether,

---

[8] 28 U.S.C. § 2254(a)

[9] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[10] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

ORDER [Re: Motion at Docket No. 30]
*Hendricks v. Graham*, 9:06-cv-01152-JKS                   5

"after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[11]

Taken in its entirety, Hendricks' argument, which is primarily contained in the "Dossier" and "Petition" attached to his motion, is essentially that this Court erred in denying his petition. His position is nothing more than a rehash, rephrased and to an extent amplified, of the arguments Hendricks made in his petition and traverse.  This Court, after reviewing the record and considering the arguments advanced by both Hendricks and the Respondent, determined that Hendricks' arguments, to the extent that they addressed alleged violations of federal law as established by the Supreme Court of the United States,[12] did not prevail.  In denying his motion for a certificate of appealability and dismissing his appeal, the Court of Appeals signified its concurrence.  Rule 60 is not a substitute for appeal and may not be used to relitigate the merits of the case.[13]  Relitigation of his position is precisely what Hendricks is attempting to do in the instant motion.

## IV.  CONCLUSION AND ORDER

Hendricks has not shown that he is entitled to relief under any provision of Federal Rule of Civil Procedure 60(b).[14]

**IT IS THEREFORE ORDERED THAT** the motion to vacate the judgment at Docket No. 30 is **DENIED**.

---

[11] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original).

[12] 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 405–406; *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[13] *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986).

[14] Generally the Court does not rule on a motion unless it has allowed time for a response and a reply to the response.  This assures that the Court will be thoroughly educated as to the law and the facts. It also gives the parties an opportunity to consider a reasonable settlement of the issues presented in the motion.  Here, however, delaying a decision would not be in the interest of justice.  This Court denied a certificate of appealability because Henricks had not raised any debatable issues that were within the jurisdiction of this court.  The Second Circuit agreed.  Since the current petition simply reargues claims previously found to be meritless there is no basis for delay.  The Court is not challenging Hendricks' good faith beliefs, it is simply recognizing that Hendricks has no legal claim that is debatable.

ORDER [Re: Motion at Docket No. 30]
*Hendricks v. Graham*, 9:06-cv-01152-JKS                6

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[15]  No reasonable jurist could find that this Court should have resolved the matter in a different manner.  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

Dated:  May 19, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[15] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

ORDER [Re: Motion at Docket No. 30]
*Hendricks v. Graham*, 9:06-cv-01152-JKS                7